# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-11030
Summary Calendar

BRIAN P. SANFORD, Brian P. Sanford, PC,

Plaintiff-Counter Defendant-Appellee,

versus

JOHN PAUL MARTIN, ET AL.,

Defendants,

JOHN PAUL MARTIN; HAZEL VICTORIA MARTIN,

Defendants-Counter Claimants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CV-145-H)

May 27, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

On May 13, 1992, Brian P. Sanford, P.C. recorded a judgment against Burma Jean Martin. After unsuccessful efforts to obtain payment, Sanford executed on the judgment and obtained a sheriff's deed for six pieces of real estate that Martin purportedly had conveyed to her parents, defendants-appellants John Paul Martin and Hazel Victoria Martin. The Martin-to-Martin transfers were in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1990 while Burma Jean Martin was involved in a bankruptcy proceeding. There was no recordation of the deeds, however, until June 16, 1992.

Sanford filed a quiet title action against the Martins. Sanford and Burma Jean Martin's bankruptcy trustee entered into the "Sanford Compromise," under which Sanford obtained three of the tracts and the trustee retained the other three. Attached to the Sanford Compromise was an "Agreed Judgment," in which Burma Jean Martin admitted:

> (1) that the transfers to her parents were fraudulent, in violation of the Texas Uniform Fraudulent Transfer Act;[1]
> (2) that the transfers occurred after appellee's lien attached and that appellee had no notice of the unrecorded deeds between Burma Jean Martin and appellants;
> (3) that the purported transfers to appellants were void under bankruptcy law;[2] and
> (4) that the sheriff's sales were valid.

Subsequently, appellants -- with full knowledge of the Sanford Compromise and the Agreed Judgment -- entered into the "Martin Compromise" with the trustee, in which they purchased the three tracts of land that the trustee had acquired pursuant to the Sanford Compromise. Although appellants purported to disavow acceptance of the terms of the Sanford Compromise, the Martin Compromise was expressly conditioned on the approval of the Sanford Compromise.

The trial court granted Sanford's motion for summary judgment, in which he contended, *inter alia*, that appellants were estopped from challenging the Sanford Compromise, in part because they accepted the benefits of that agreement by

---

[1]Tex. Bus. & Com. Code Ann. § 24.005 (Vernon 1987 & Supp.1998).

[2]**See** 11 U.S.C. §§ 362, 544(b).

2

entering into the Martin Compromise.

In their attack on the trial court's grant of summary judgment, appellants maintain that the trustee lacked the power to bind them to the stipulation ratified by their daughter in the Sanford Compromise. Pretermitting a decision on the validity of that challenge, it fails to address the overriding reality that by their own actions appellants have forfeited any right they might have had to challenge the Sanford Compromise. Further, appellants advance for the first time on appeal a plea of *res judicata*. We find same without merit. Were it otherwise, we would decline to address an issue not raised in the trial court.[3]

The trial court's judgment is in all respects AFFIRMED.

---

[3]**See, e.g., Watts v. Kroger Co.**, __ F. 3d __, 1999 WL 147382, *5 (5th Cir. 1999).